## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

NOOK DIGITAL, LLC,

*Plaintiff*,

v.-                                                    CIVIL ACTION NO. :

NUU LIMITED, NOETIC, INC., AND NUU
MOBILE USA.

*Defendants*.

## COMPLAINT

Plaintiff Nook Digital, LLC ("Plaintiff") as and for its complaint against Defendants

NUU Limited, Noetic, Inc., and NUU Mobile USA (collectively, "Defendants") alleges as

follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement (15 U.S.C. § 1114), false designation

of origin and unfair competition (15 U.S.C. § 1125(a)), and trademark dilution (15 U.S.C. §

1125(c)) under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et*

*seq*.).

## THE PARTIES

2.      Plaintiff, Nook Digital, LLC, is a Delaware limited liability company, with its

principal place of business located at 1166 Avenue of the Americas, 18th Floor, New York, NY

10036.  Plaintiff is a subsidiary of Barnes & Noble, Inc., a publicly traded Delaware corporation

located at 122 Fifth Avenue, New York, NY 10011, and a sister company to Barnes & Noble

Booksellers, Inc., a Delaware corporation also located at 122 Fifth Avenue, New York, NY 10011.

3.      Upon information and belief, Defendant NUU Limited ("NUU Limited"), is a Hong Kong limited liability company, with its principal place of business located at 77 Wing Hong Street, CEO Tower, 16/F., Cheung Sha Wan, Kowloon, Hong Kong, S.A.R.

4.      Upon information and belief, Defendant Noetic, Inc.  ("Noetic"), is a Minnesota corporation with its principal place of business located at 3111 19th Street NW, Rochester, MN 55901 and with offices located at 7640 NW 25th Street #120, Miami, FL 33122.

5.      Upon information and belief and its own promotional materials, Defendant NUU Mobile USA ("NUU Mobile"), is a subsidiary of Noetic, Inc. , with its headquarters and principal place of business located at 7640 NW 25th Street #120, Miami, FL 33122, where it has a registered agent for service and regional sales representatives.

<u>**JURISDICTION AND VENUE**</u>

6.      Because this action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), generally, and particularly pursuant to 15 U.S.C. § 1121(a).

7.      The Court has personal jurisdiction over Defendant NUU Limited because it: (a) operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida; (b) owns U.S. Trademark Registration No. 4917943 for the mark nuu mobile; (c) has committed at least one tortious act within Florida; and/or (d) owns, uses, possesses, or holds a mortgage or other lien on any real property within Florida.

8.      In the alternative, if Defendant NUU Limited alleges it is not subject to personal jurisdiction in this or any judicial district, this Court has personal jurisdiction pursuant to Fed. R.

Civ. P. 4(k)(2) because exercising jurisdiction is consistent with the United States Constitution and laws.

9.     The Court has personal jurisdiction over Defendant Noetic because it maintains a regular and established place of business in Miami, Florida, and because it: (a) operates, conducts, engages in, and/or carries on a business or business venture in Florida or has an office or agency in Florida; (b) has committed at least one tortious act within Florida; and/or (c) owns, uses, possesses, or holds a mortgage or other lien on any real property within Florida.

10.     The Court has personal jurisdiction over Defendant NUU Mobile because it (a) operates, conducts, engages in, and/or carries on a business or business venture in Florida or has an office or agency in Florida; (b) has committed at least one tortious act within Florida; and/or (c) owns, uses, possesses, or holds a mortgage or other lien on any real property within Florida.

11.     Based on Defendants' contacts with Florida, the exercise of personal jurisdiction over Defendants in this matter would not offend traditional notions of fair play and substantial justice.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of Defendants' acts, events, and/or omissions giving rise to the claims occurred and/or are occurring in this District, including the sale and offer for sale in this District of Defendants' products bearing the infringing nuu Mark.

## FACTS

### A. Introduction

13.     Plaintiff develops, manufactures, sells, distributes, and markets electronic book readers, electronic books, computer software, downloadable computer applications, and related products, services, and accessories under the nook® and n® trademarks pictured below (hereinafter the "nook® and n® Marks," see below) throughout the United States, including Florida:



14.     Plaintiff sells, distributes, and markets its nook® and n® Marks on or in connection with nook® and n® branded products and services primarily through Barnes & Noble Booksellers retail and online retail stores, including at nook® and n® in-store kiosks; www.nook.com, www.barnesandnoble.com, and www.bn.com websites; and through various third-party retail and online retail stores.  (*See* Ex. A for screen captures of Plaintiff's websites demonstrating use of the nook® and n® Marks, discussed below).

15.     Plaintiff is a leading seller, provider, marketer, promoter, and/or distributor of a wide range of products and services under the nook® and n® Marks throughout the United States including Florida, including, but not limited to the following (hereinafter, "nook® and n® Goods/Services"):

- Electronic book readers, electronic book accessories, covers, and booklights, and downloadable electronic books on a wide-range of topics;

- Portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers for reading, displaying, receiving, sharing, recording, reading aloud,

exchanging, purchasing, lending, accessing, streaming, syncing, and storing downloadable electronic publications, digital web site content and digital media, namely, books, e-books, magazines, newspapers, text, images, digital audio, music, digital video and computer, video and mobile computer games and applications;

Downloadable computer software and applications for reading, purchasing, storing, and sharing books and digital content on a wide-range of topics in the nature of digital images, digital audio files, digital videos, digital articles, educational publications and information, educational publications and information, test preparation, secondary school and college course note taking and paper writing;

- Computer software and applications for enabling the downloading, listening, sampling, reading aloud, purchasing, sharing, lending and accessing electronic audiobooks, information on audiobooks and authors, digital images and other digital entertainment;

- Retail and online retail store services featuring books, electronic book readers, electronic book accessories, covers, and booklights; electronic books, magazines, magazine articles, newspaper articles, electronic story books, newspapers, toys;

- Providing a web site for users with specific informed recommendations of specific consumer products and services validated by the inputted preferences and social network of the user and providing a web site for users with exclusive personalized recommendations on books, electronic books, authors, book subject matter, book genres, music, and digital media entertainment;

- Providing consumer information on electronic book reader apparatus, books, authors, and electronic publications via a web site;

- Providing consumer information and news on new book and electronic book releases, portable electronic book reader applications and features;

- Promoting the goods and services of others by providing a website featuring discounts, coupons, rebates, vouchers and special offers on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers;

- Mobile computer, tablet, and electronic reader apparatus and applications, for listening to music, watching videos and digital media, web browsing, and reading electronic publications,

- Providing access to digital content storage of third parties for the transfer and transmission of electronic books and other electronic publications via wireless electronic transmission;

- Providing an online forum where users can post ratings, reviews, and recommendations of music, books, movies and television shows and on events and activities in the field of entertainment and education;

- Providing one step online access to social networking sites on the internet and providing e-mail services, namely, access to email accounts;

- Lending and sharing of electronic books and other electronic publication;

- Providing a website featuring non-downloadable electronic publications, namely, book reviews, news and web articles on children's books, various current events topics, events that occurred on this date in history, and on humor and blogs on electronic book readers and books;

- Providing information on education and entertainment information via a web site; online publications, namely, blogs on electronic book readers, books, electronic publications and authors, news and web articles on children's books, electronic book readers, books, electronic publications and authors, articles on humor, articles on events that occurred on this date in history;

- Lending of electronic books and other electronic publication;

- Online electronic publishing of books, magazines and newspapers on a variety of topics;

- Online electronic publishing of digital web site content and digital media, namely, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless internet access and portable electronic apparatus;

- Providing periodic updates regarding portable electronic book readers and portable electronic book reader software, firmware, features, and operating systems to subscribers by means of electronic mail;

- Web portal services in the nature of providing a web-based system and online portal for users to remotely manage electronic readers, handheld and computer devices, data, digital media, software applications, and electronic publications, namely, books, e-books, magazines, newspapers, text and images;

- Providing discount, rebate, and special offer coupons and vouchers, and coupons and vouchers all on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications; and

- Non-downloadable computer software and applications for reading, purchasing, storing and sharing books and digital content.

16.    Starting at least on October 29, 2009, Plaintiff commenced use in commerce and continues to use in commerce, the nook® and n® Marks on "portable electronic apparatus for displaying, receiving, reading and storing downloadable electronic publications, namely, books, e-books, magazines, newspapers, text, images, digital web site content and digital media featuring music through wired and wireless Internet access, accessories therefor and instructional manuals, sold as a unit," in International Class 09, throughout the United States, including Florida.

17.    Plaintiff has continuously advertised, marketed, distributed, and/or sold a wide range of products and services in commerce throughout the United States, including Florida under the nook® and n® Marks since at least as early October 29, 2009.  (*See* Ex. A).

18.    Starting as early as October 29, 2009, Plaintiff has been and continues to be a leader in the electronic book reader, electronic book, and related computer software and accessories in the United States through its various iterations of Plaintiff's nook® and n® branded electronic book readers.

19.    Plaintiff has been and continues to be engaged in marketing, advertising, and promotion of nook® and n® Goods/Services throughout the United States, including Florida, through extensive use of advertisements, online paid advertisements, search engine optimization for online searches, promotions, giveaways, sweepstakes, coupons, and discounts, all

prominently featuring the nook® and n® Marks that have increased sales and extended knowledge and awareness of nook® and n® Goods/Services to U.S. consumers.

20.     Plaintiff first adopted and has continuously used the nook® and n® Marks on or in connection with the nook® and n® Goods/Services, since at least October 29, 2009 through the present.

21.     Since its inception, Plaintiff has expended considerable efforts and sums in advertising and promoting Plaintiff's Family of nook® and n® Marks (defined below) in connection with Plaintiff's electronic book readers, electronic books, and related computer goods, services, and accessories.  As a result of these sales, efforts, and monetary expenditures, Plaintiff's Family of nook® and n® Marks have developed exceedingly valuable goodwill throughout the United States, including Florida.

**B.  The nook® and n® Marks are Protected by Federal Trademark Registrations**

22.     Plaintiff owns numerous trademarks registered with the United States Patent and Trademark Office ("USPTO") for the marks nook® and n®, filed and pending USPTO trademark applications for marks incorporating nook® and n®, with or without additional terms and/or designs, as well as through use of numerous unregistered common-law marks incorporating variations and iterations of the nook® and n® Marks, with and without other terms and/or designs, for a wide range and variety of goods and services (Plaintiff's "Family of nook® and n® Marks").

23.     Plaintiff owns U.S. Trademark Registration No. 3901723, for the mark n®, reproduced below, filed with the USPTO on October 15, 2009, for "portable electronic apparatus for displaying, receiving, reading and storing downloadable electronic publications, namely, books, e-books, magazines, newspapers, text, images, digital web site content and digital media featuring music through wired and wireless Internet access, accessories therefor and instructional

manuals, sold as a unit," in International Class 09:



24.     The USPTO issued U.S. Trademark Registration No. 3901723 to Plaintiff for nook® on January 4, 2011.  Plaintiff has been continuously using nook® in commerce since at least as early as October 29, 2009 in the United States, including Florida, and such use has not been abandoned.  This Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. § 1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b) (*See* Ex. B for a certified copy of U.S. Trademark Registration No. 3901723.)

25.     Plaintiff owns U.S. Trademark Registration No. 4518040, for the mark n®, reproduced below, filed with the USPTO on October 26, 2010, for "downloadable computer software and applications for reading, purchasing, storing and sharing books and digital content in the nature of digital images, digital audio files, digital videos and digital articles in the fields of business, education, entertainment, finance, games, health and fitness, lifestyle, medical, music, GPS navigation, news, photography, business productivity, personal productivity, namely, self-help and self-improvement, reference, social networking, sports, travel, computer utility programs for performing computer maintenance work and weather," in International Class 09:



26.     The USPTO issued U.S. Trademark Registration No. 4518040 to Plaintiff for n®

on April 22, 2014, and Plaintiff has been continuously using n$^®$ in commerce since at least May 26, 2010 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. § 1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b) (*See* Ex. C for a certified copy of U.S. Trademark Registration No. 4518040).

27.     Plaintiff owns U.S. Trademark Registration No. 4444609 for the mark n$^®$, as shown below, filed with the USPTO on April 24, 2012, for "portable audio equipment, namely, stereo headphones, stereo earphones, stereo ear buds, replacement earphone and ear buds, combination stereo headphones and microphones, headsets and hands-free headsets, wireless stereo headphones, earphones and replacement parts therefor," in International Class 09:



28.     The USPTO issued U.S. Trademark Registration No. 4444609 to Plaintiff for n$^®$ on December 3, 2013, and Plaintiff has been continuously using nook$^®$ in commerce since at least as early as April 4, 2012 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. § 1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b) (*See* Ex. D for a certified copy of U.S. Trademark Registration No. 4444609).

29.     Plaintiff owns U.S. Trademark Registration No. 4310730, for the mark n$^®$, as shown below, filed with the USPTO on October 26, 2010, for "downloadable electronic publications in the nature of fiction and non-fiction books, children's books, magazines,

newspapers, journals, periodicals, manuals and guidebooks on a variety of topics; portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers for reading, displaying, receiving, purchasing, sharing, lending, accessing and storing downloadable electronic publications, digital web site content and digital media, namely, books, e-books, magazines, newspapers, text, images, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless Internet access, accessories therefor and instructional manuals, sold as a unit; computer software for displaying, receiving, reading, purchasing, accessing and storing downloadable electronic publications, syncing electronic publications with portable electronic apparatus, loaning and sharing electronic publications with third parties and sampling electronic publications; downloadable computer software for displaying, receiving, reading and storing downloadable electronic publications and syncing electronic publications with portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers, loaning and sharing electronic publications with third parties and sampling electronic publications; computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit. downloadable computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers, magazines, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; downloadable electronic publications in the nature of fiction and non-fiction books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics, namely, graphic novels, horror,

mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test preparation, travel, true crime, weddings and women's studies; protective covers and cases for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers; leather protective covers and cases for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers. silicone, fabric and plastic protective sleeves and skins for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers; carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices; batteries, rechargeable batteries and battery chargers; power supplies and chargers for portable electronic apparatus; power supplies and chargers for portable electronic apparatus for use in vehicles; clear protective covers specially adapted for personal electronic devices; USB cables," in International Class 09 and "book lights; combination book light and covers for portable electronic apparatus," in International Class 11:

– 12 –



30.     The USPTO issued U.S. Trademark Registration No. 4310730 to Plaintiff for n®

on March 26, 2013, and Plaintiff has been continuously using n® in commerce since at least as

early as October 29, 2009 in the United States, including Florida and such use has not been

abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with

Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. §

1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b).  (*See* Ex. E for a certified

copy of U.S. Trademark Registration No. 4310730).

31.     Plaintiff owns U.S. Trademark Registration No. 3984893, for the mark n®, as

shown below, filed with the USPTO on October 25, 2010, for "computer software for use in

reading, displaying, purchasing, sharing, lending and accessing electronic publications and

digital media featuring books, newspapers, magazines, periodicals, digital images, web sites,

music, games and other digital entertainment, and instructional manuals, sold as a unit;

downloadable computer software for use in reading, displaying, purchasing, sharing, lending and

accessing electronic publications and digital media featuring books, newspapers, magazines,

digital images, web sites, music, games and other digital entertainment, and instructional

manuals, sold as a unit," in International Class 09:



32.     The USPTO issued U.S. Trademark Registration No. 3984893 to Plaintiff for n®

on June 28, 2011, and Plaintiff has been continuously using n® in commerce since at least as

early as August 24, 2010 in the United States, including Florida and such use has not been
abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with
Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. §
1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b) (*See* Ex. F for a certified
copy of U.S. Trademark Registration No. 3984893).

33.     Plaintiff owns U.S. Trademark Registration No. 4772862, for the mark n$^{®}$ with
headphone design," as shown below, filed with the USPTO on November 20, 2014, for
"computer software and applications for enabling the downloading, listening, sampling, reading
aloud, purchasing, sharing, lending and accessing electronic audiobooks, information on
audiobooks and authors, digital images and other digital entertainment," in International Class
09:



34.     The USPTO issued U.S. Trademark Registration No. 4772862 to Plaintiff for n$^{®}$
with headphone design on July 14, 2015, and Plaintiff has been continuously using n$^{®}$ with
headphone design in commerce since at least as early as November 19, 2014 in the United States
including Florida and such use has not been abandoned.  Said Federal Registration is valid and
subsisting in accordance with Section 7 of the Trademark Act, 15 U.S.C. § 1057.  (*See* Ex. G for
a certified copy of U.S. Trademark Registration No. 4772862).

35.     Plaintiff owns U.S. Trademark Registration No. 4013524, for the mark nook$^{®}$, as
shown below, filed with the USPTO on June 1, 2010, for "portable electronic apparatus for
displaying, receiving, reading and storing downloadable electronic publications, namely, books,

e-books, magazines, newspapers, text, images, digital web site content and digital media
featuring music through wired and wireless Internet access, accessories therefor and instructional
manuals, sold as a unit", in International Class 09:



36.     The USPTO issued U.S. Trademark Registration No. 4013524 to Plaintiff for n®
on August 16, 2011, and Plaintiff has been continuously using nook® in commerce since at least
as early as October 29, 2009 in the United States, including Florida and such use has not been
abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with
Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C.
§1065; and Section 33(b) of the Trademark Act, 15 U.S.C. §1115(b) (*See* Ex. H for a certified
copy of U.S. Trademark Registration No. 4013524).

37.     Plaintiff owns U.S. Trademark Registration No. 4518041, for the mark nook® in
color, as shown below, filed with the USPTO on October 26, 2010, for "downloadable computer
software and applications for reading, purchasing, storing and sharing books and digital content
in the nature of digital images, digital audio files, digital videos and digital articles in the fields
of business, education, entertainment, finance, games, health and fitness, lifestyle, medical,
music, GPS navigation, news, photography, business productivity, personal productivity,
namely, self-help and self-improvement, reference, social networking, sports, travel, computer
utility programs for performing computer maintenance work and weather," in International Class
09 and "providing a website featuring non-downloadable electronic publications, namely, book
reviews, news and web articles on children's books, various current events topics, events that
occurred on this date in history, and on humor and blogs on electronic book readers and books;

providing information on education and entertainment information via a web site; online publications, namely, blogs on electronic book readers, books, electronic publications and authors, news and web articles on children's books, electronic book readers, books, electronic publications and authors, articles on humor, articles on events that occurred on this date in history; providing a website featuring non-downloadable electronic publications, namely, books, newspapers, and magazines in the fields of graphic novels, horror, mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test preparation, travel, true crime, weddings and women's studies; providing non-downloadable prerecorded music all on-line via a global computer network; entertainment services, namely, providing temporary use of non-downloadable computer games in a variety of fields," in International Class 41:



38.    The USPTO issued U.S. Trademark Registration No. 4518041 to Plaintiff for nook® in color on April 22, 2014, and Plaintiff has been continuously using nook® in color in

commerce since at least as early as May 26, 2010 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid and subsisting in accordance with Section 7 of the Trademark Act, 15 U.S.C. § 1057 (*See* Ex. I for a certified copy of U.S. Trademark Registration No. 4518041).

39.    Plaintiff owns U.S. Trademark Registration No. 4310729, for the mark nook® in color, as shown below, filed with the USPTO on October 26, 2010, for "downloadable electronic publications in the nature of fiction and non-fiction books, children's books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics; portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers for reading, displaying, receiving, purchasing, sharing, lending, accessing and storing downloadable electronic publications, digital web site content and digital media, namely, books, e-books, magazines, newspapers, text, images, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless Internet access, accessories therefor and instructional manuals, sold as a unit; computer software for displaying, receiving, reading, purchasing, accessing and storing downloadable electronic publications, syncing electronic publications with portable electronic apparatus, loaning and sharing electronic publications with third parties and sampling electronic publications; downloadable computer software for displaying, receiving, reading and storing downloadable electronic publications and syncing electronic publications with portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers, loaning and sharing electronic publications with third parties and sampling electronic publications; computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers,

magazines, periodicals, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit. downloadable computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers, magazines, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; downloadable electronic publications in the nature of fiction and non-fiction books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics, namely, graphic novels, horror, mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test preparation, travel, true crime, weddings and women's studies; protective covers and cases for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers; leather protective covers and cases for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers. silicone, fabric and plastic protective sleeves and skins for portable electronic book readers and portable handheld digital electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers;

carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors, speakers and battery charging devices, specially adapted for use with handheld digital electronic devices; batteries, rechargeable batteries and battery chargers; power supplies and chargers for portable electronic apparatus; power supplies and chargers for portable electronic apparatus for use in vehicles; clear protective covers specially adapted for personal electronic devices; USB cables; downloadable music and electronic computer and video games and downloadable computer game applications all via the internet and wireless devices," in International Class 09; "retail and online retail store services featuring electronic books, magazines, magazine articles, newspaper articles, electronic story books, newspapers, discount, rebate and special offer coupons and vouchers, and coupons and vouchers all on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers, and featuring downloadable digital web site content in the nature of downloadable books, electronic books, magazines, articles, stories, newspapers, text books, images, mobile computer, tablet and electronic reader applications, music and movies through wired and wireless Internet access; retail and online retail store services featuring portable electronic book readers and accessories for portable electronic book readers, namely, carrying cases, leather carrying cases, silicone, fabric and plastic sleeves and skins for electronic book readers, rechargeable batteries, book lights, protective film covers and combination book light and cover; customer support services, namely, providing assistance with activation and use of electronic book readers, downloading of electronic publications and online customer accounts; providing a web site for users with specific informed recommendations of specific consumer products and services validated by the inputted preferences and social network of the user; providing a web site for users with exclusive

personalized recommendations on books, electronic books, authors, book subject matter, book genres, music and digital media entertainment. promoting the goods and services of others by providing a website featuring discounts, coupons, rebates, vouchers and special offers on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers; providing consumer information on electronic book reader apparatus, books, authors and electronic publications via a web site; providing consumer information and news on new book and electronic book releases, portable electronic book reader applications and features," in International Class 35; "providing one step online access to social networking sites on the internet and providing e-mail services, namely, access to email accounts," in International Class 38; "online electronic publishing of books, electronic books, magazines, newspapers, text and images on a variety of topics, namely, graphic novels, horror, mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test preparation, travel, true crime, weddings and women's studies, and online electronic publishing of digital web site content and digital media, namely, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless

internet access and portable electronic apparatus; lending and sharing of electronic books and

other electronic publications," in International Class 41; and "providing a website featuring non-

downloadable computer software and applications for reading, purchasing, storing and sharing

books and digital content in the nature of digital images, digital audio files, digital videos and

digital articles in the fields of business, education, entertainment, finance, games, health and

fitness, lifestyle, medical, music, GPS navigation, news, photography, business productivity,

personal productivity, namely, self-help and self-improvement, reference, social networking,

sports, travel, computer utility programs for performing computer maintenance work and

weather; providing periodic updates regarding portable electronic book readers and portable

electronic book reader software, firmware, features and operating systems to subscribers by

means of electronic mail," in International Class 42:



40.     The USPTO issued U.S. Trademark Registration No. 4310729 to Plaintiff for

nook® in color on March 26, 2013, and Plaintiff has been continuously using nook® in color in

commerce since at least as early as November 16, 2010 in the United States, including Florida

and such use has not been abandoned.  Said Federal Registration is valid and subsisting in

accordance with Section 7 of the Trademark Act, 15 U.S.C. § 1057.  (*See* Ex. J for a certified

copy of U.S. Trademark Registration No. 4310729.).

41.     Plaintiff owns U.S. Trademark Registration No. 4023198, for the mark NOOK®,

as shown below, filed with the USPTO on June 4, 2009, for "portable electronic apparatus for

displaying, receiving, reading and storing downloadable electronic publications, namely, books,

e-books, magazines, newspapers, text, images, digital web site content and digital media featuring music through wired and wireless Internet access, accessories therefor and instructional manuals, sold as a unit," in International Class 09:

# NOOK

42.     The USPTO issued U.S. Trademark Registration No. 4023198 to Plaintiff for NOOK[®] on September 6, 2011, and Plaintiff has been continuously using NOOK[®] in commerce since at least as early as October 29, 2009 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. §1058; Section 15 of the Trademark Act, 15 U.S.C. §1065; and Section 33(b) of the Trademark Act, 15 U.S.C. §1115(b) (*See* Ex. K for a certified copy of U.S. Trademark Registration No. 4023198).

43.     Plaintiff owns U.S. Trademark Registration No. 4404838, for the mark nook[®], as shown below, filed with the USPTO on October 26, 2010, for "downloadable electronic publications in the nature of fiction and non-fiction books, children's books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics; portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers for reading, displaying, receiving, purchasing, sharing, lending, accessing and storing downloadable electronic publications, digital web site content and digital media, namely, books, e-books, magazines, newspapers, text, images, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless Internet access, accessories therefor and instructional manuals, sold as a unit; computer software for displaying, receiving, reading, purchasing, accessing and storing downloadable

electronic publications, syncing electronic publications with portable electronic apparatus, loaning and sharing electronic publications with third parties and sampling electronic publications; downloadable computer software for displaying, receiving, reading and storing downloadable electronic publications and syncing electronic publications with portable electronic apparatus, namely, electronic book readers, handheld computers, mobile computers and tablet computers, loaning and sharing electronic publications with third parties and sampling electronic publications; computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; downloadable computer software for use in reading, displaying, purchasing, sharing, lending and accessing electronic publications and digital media featuring books, newspapers, magazines, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; downloadable electronic publications in the nature of fiction and non-fiction books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics, namely, graphic novels, horror, mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and

adventure, study guides and test preparation, travel, true crime, weddings and women's studies;
protective covers and cases for portable electronic book readers and portable handheld digital
electronic apparatus, namely, electronic book readers, handheld computers, mobile computers
and tablet computers; leather protective covers and cases for portable electronic book readers and
portable handheld digital electronic apparatus, namely, electronic book readers, handheld
computers, mobile computers and tablet computers; silicone, fabric and plastic protective sleeves
and skins for portable electronic book readers and portable handheld digital electronic apparatus,
namely, electronic book readers, handheld computers, mobile computers and tablet computers;
carrying cases, holders, protective cases and stands featuring power supply connectors, adaptors,
speakers and battery charging devices, specially adapted for use with handheld digital electronic
devices; batteries, rechargeable batteries and battery chargers; power supplies and chargers for
portable electronic apparatus; power supplies and chargers for portable electronic apparatus for
use in vehicles; clear protective covers specially adapted for personal electronic devices; USB
cables; downloadable music and electronic computer and video games and downloadable
computer game applications all via the internet and wireless devices," in International Class 09;
"retail and online retail store services featuring electronic books, magazines, magazine articles,
newspaper articles, electronic story books, newspapers, discount, rebate and special offer
coupons and vouchers, and coupons and vouchers all on books, magazines, newspapers, mobile
computer, tablet and electronic reader apparatus and applications, music, videos and electronic
publications, namely, electronic books, magazines and newspapers, and featuring downloadable
digital web site content in the nature of downloadable books, electronic books, magazines,
articles, stories, newspapers, text books, images, mobile computer, tablet and electronic reader
applications, music and movies through wired and wireless Internet access; retail and online

retail store services featuring portable electronic book readers and accessories for portable electronic book readers, namely, carrying cases, leather carrying cases, silicone, fabric and plastic sleeves and skins for electronic book readers, rechargeable batteries, book lights, protective film covers and combination book light and cover; customer support services, namely, providing assistance with activation and use of electronic book readers, downloading of electronic publications and online customer accounts; providing a web site for users with specific informed recommendations of specific consumer products and services validated by the inputted preferences and social network of the user; providing a web site for users with exclusive personalized recommendations on books, electronic books, authors, book subject matter, book genres, music and digital media entertainment; promoting the goods and services of others by providing a website featuring discounts, coupons, rebates, vouchers and special offers on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers; providing consumer information on electronic book reader apparatus, books, authors and electronic publications via a web site; providing consumer information and news on new book and electronic book releases, portable electronic book reader applications and features," in International Class 35; "providing one step online access to social networking sites on the internet and providing e-mail services, namely, access to email accounts," in International Class 38; "online electronic publishing of books, electronic books, magazines, newspapers, text and images on a variety of topics, namely, graphic novels, horror, mystery and crime, poetry, romance, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business, Christianity, computer books and technology, cookbooks, food and wine, crafts and hobbies,

education and teaching, engineering, entertainment, foreign languages, games, gay and lesbian, health books, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test preparation, travel, true crime, weddings and women's studies, and online electronic publishing of digital web site content and digital media, namely, digital audio, music, digital video and computer, video and mobile computer games and applications, all through wired and wireless internet access and portable electronic apparatus; lending and sharing of electronic books and other electronic publications," in International Class 41; and "providing a website featuring non-downloadable computer software and applications for reading, purchasing, storing and sharing books and digital content in the nature of digital images, digital audio files, digital videos and digital articles in the fields of business, education, entertainment, finance, games, health and fitness, lifestyle, medical, music, GPS navigation, news, photography, business productivity, personal productivity, namely, self-help and self-improvement, reference, social networking, sports, travel, computer utility programs for performing computer maintenance work and weather; providing periodic updates regarding portable electronic book readers and portable electronic book reader software, firmware, features and operating systems to subscribers by means of electronic mail," in International Class 42:

# NOOK

44.     The USPTO issued U.S. Trademark Registration No. 4404838 to Plaintiff for NOOK® on September 17, 2013, and Plaintiff has been continuously using NOOK® in commerce

since at least as early as November 16, 2010 in the United States, including Florida and such use

has not been abandoned.  Said Federal Registration is valid and subsisting in accordance with

Section 7 of the Trademark Act, 15 U.S.C. § 1057 (*See* Ex. L for a certified copy of U.S.

Trademark Registration No. 4404838).

45.     Plaintiff owns U.S. Trademark Registration No. 5311563, for the mark NOOK

GLOWLIGHT®, as shown below, filed with the USPTO on November 18, 2013, for "portable

electronic apparatus, namely, electronic book readers, handheld computers, mobile computers

and tablet computers for reading, displaying, receiving, sharing, recording, reading aloud,

exchanging, purchasing, lending, accessing, streaming and storing downloadable electronic

publications, digital web site content and digital media, namely, books, e-books, magazines,

newspapers, text, images, digital audio, music, digital video and computer, video and mobile

computer games and applications, all through wired and wireless Internet access, accessories

therefor and instructional manuals, sold as a unit; Light illuminating feature and component part

of electronic and computer visual and touch display screens, boards, panels, electro-optic

displays, plasma display boards, screens and panels, AMOLED displays and screens, Liquid

crystal displays (LCDs); light illuminating feature and component part of LED displays for use

on or in connection with portable hand-held apparatus, electronic book readers, tablet computers

and electronic computer apparatus; light illuminating feature and component part of displays on

portable electronic apparatuses, namely, electronic book readers, computers, tablet computers,

mobile hand-held computing apparatus, and portable hand-held apparatus for downloading,

storing, syncing, streaming, transmitting over wired lines, wireless networks and wireless LAN,

sampling, loaning, sharing, lending, displaying, receiving, reading, purchasing and accessing

downloadable electronic and digital publications and digital media featuring books, newspapers,

magazines, periodicals, digital images, web sites, music, games and other digital entertainment; computer software for reading, displaying, receiving, sharing, recording, reading aloud, exchanging, purchasing, accessing, streaming and storing downloadable electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; computer software for sharing, streaming, storing and syncing electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment with portable electronic apparatus, loaning and sharing electronic publications with third parties and sampling electronic publications, and instructional manuals, sold as a unit; downloadable computer software and computer software applications for reading, displaying, receiving, sharing, recording, reading aloud, exchanging, purchasing, accessing, streaming and storing downloadable electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment, and instructional manuals, sold as a unit; computer software for sharing, streaming, storing and syncing electronic publications and digital media featuring books, newspapers, magazines, periodicals, digital images, web sites, music, games and other digital entertainment with portable electronic apparatus, loaning and sharing electronic publications with third parties and sampling electronic publications, and instructional manuals, sold as a unit; computer software for providing access to educational publications and information in the field of education; computer software for education, namely, test preparation, secondary school and college course note taking and paper writing; downloadable computer software for education, namely, test preparation, secondary school and college course note taking and paper writing; downloadable electronic publications, namely, electronic secondary school and college textbooks

and course material for use in secondary school and college courses; protective covers and cases
for portable electronic book readers and portable handheld digital electronic apparatus, namely,
electronic book readers, handheld computers, mobile computers and tablet computers; leather
protective covers and cases for portable electronic book readers and portable handheld digital
electronic apparatus, namely, electronic book readers, handheld computers, mobile computers
and tablet computers; silicone, fabric and plastic protective sleeves and skins for portable
electronic book readers and portable handheld digital electronic apparatus, namely, electronic
book readers, handheld computers, mobile computers and tablet computers; carrying cases,
holders, protective cases and stands featuring power supply connectors, adaptors, speakers and
battery charging devices, specially adapted for use with handheld digital electronic devices;
batteries, rechargeable batteries and battery chargers; power supplies and chargers for portable
electronic apparatus; power supplies and chargers for portable electronic apparatus for use in
vehicles; clear protective covers specially adapted for personal electronic devices; USB cables;
downloadable music and electronic computer and video games and downloadable computer
game applications all via the internet and wireless devices," in International Class 09; "retail and
online retail store services featuring electronic books, magazines, magazine articles, newspaper
articles, electronic story books, newspapers, discount, rebate and special offer coupons and
vouchers, and coupons and vouchers all on books, magazines, newspapers, mobile computer,
tablet and electronic reader apparatus and applications, music, videos and electronic publications,
namely, electronic books, magazines and newspapers, and featuring downloadable digital web
site content in the nature of downloadable books, electronic books, magazines, articles, stories,
newspapers, text books, images, mobile computer, tablet and electronic reader applications,
music and movies through wired and wireless Internet access; retail and online retail store

services featuring portable electronic book readers and accessories for portable electronic book readers, namely, carrying cases, leather carrying cases, silicone, fabric and plastic sleeves and skins for electronic book readers, rechargeable batteries, book lights, protective film covers and combination book light and cover; customer support services, namely, providing assistance with activation and use of electronic book readers, downloading of electronic publications and online customer accounts; providing a web site for users with specific informed recommendations of specific consumer products and services validated by the inputted preferences and social network of the user; providing a web site for users with exclusive personalized recommendations on books, electronic books, authors, book subject matter, book genres, music and digital media entertainment; providing consumer information on electronic book reader apparatus, books, authors and electronic publications via a web site; providing consumer information and news on new book and electronic book releases, portable electronic book reader applications and features; promoting the goods and services of others by providing a website featuring discounts, coupons, rebates, vouchers and special offers on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers," in International Class 35; "providing access to digital content storage of third parties for the transfer and transmission of electronic books and other electronic publications via wireless electronic transmission; Computer services, namely, providing on-line facilities, chat rooms, forums and electronic bulletin boards for real-time interaction with other computer users concerning topics of books, authors, electronic publications, portable electronic book readers, news, current events and general interest; chat rooms for social networking; virtual chat rooms established via text messaging; providing an online forum where users can post ratings, reviews, and recommendations of music, books,

movies and television shows and on events and activities in the field of entertainment and

education," in International Class 38; "lending and sharing of electronic books and other

electronic publication; providing a website featuring non-downloadable electronic publications,

namely, book reviews, news and web articles on children's books, various current events topics,

events that occurred on this date in history, and on humor and blogs on electronic book readers

and books; providing information on education and entertainment information via a web site;

online publications, namely, blogs on electronic book readers, books, electronic publications and

authors, news and web articles on children's books, electronic book readers, books, electronic

publications and authors, articles on humor, articles on events that occurred on this date in

history; Lending of electronic books and other electronic publication," in International Class 41;

and "providing periodic updates regarding portable electronic book readers and portable

electronic book reader software, firmware, features and operating systems to subscribers by

means of electronic mail," in International Class 42:

# NOOK GLOWLIGHT

46.     The USPTO issued U.S. Trademark Registration No. 5311563 to Plaintiff for

NOOK GLOWLIGHT® on October 17, 2017, and Plaintiff has been continuously using NOOK

GLOWLIGHT® in commerce since at least as early as April 30, 2012 in the United States,

including Florida and such use has not been abandoned.  Said Federal Registration is valid and

subsisting in accordance with Section 7 of the Trademark Act, 15 U.S.C. § 1057.  (*See* Ex. M for

a certified copy of U.S. Trademark Registration No. 5311563).

47.     Plaintiff owns U.S. Trademark Registration No. 4195273, for the mark NOOK

BOOK®, as shown below, filed with the USPTO on October 25, 2010, for "providing a web site

for users with specific informed recommendations of specific consumer products and services validated by the inputted preferences and social network of the user; providing a web site for users with exclusive personalized recommendations on books, electronic books, authors, book subject matter, book genres, music and digital media entertainment," in International Class 35:

# NOOK BOOK

48.     The USPTO issued U.S. Trademark Registration No. 4195273 to Plaintiff for NOOK BOOK® on August 21, 2012, and Plaintiff has been continuously using NOOK BOOK® in commerce since at least as early as November 19, 2010 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. §1058; Section 15 of the Trademark Act, 15 U.S.C. §1065; and Section 33(b) of the Trademark Act, 15 U.S.C. §1115(b).  (*See* Ex. N for a certified copy of U.S. Trademark Registration No. 4195273).

49.     Plaintiff owns U.S. Trademark Registration No. 4347589, for the mark NOOK BOOKS®, as shown below, filed with the USPTO on January 25, 2012, for "downloadable electronic and digital publications in the nature of fiction and non-fiction books, children's books, magazines, newspapers, journals, periodicals, manuals and guidebooks on a variety of topics, namely, graphic novels, comics, picture books, teen fiction, horror and suspense, mystery and crime, music, movies, television, entertainment and popular culture, poetry, romance, school life, science fiction and fantasy, thrillers and westerns, African Americans, antiques and collectibles, art, architecture and photography, bibles and bible studies, biography, business and personal finances, Christianity, computers and technology, cookbooks, food and wine, crafts and hobbies, education and teaching, engineering, entertainment, foreign languages, games, gay and

lesbian, health, diet and fitness, history, home and garden, humor, Judaism and Judaica, law, medical and medicine, military history, new age and spirituality, parenting and family, pets, philosophy, political and current events, psychology and psychotherapy, reference, religion, science and nature, self-help and self-improvement, sex and relationships, social sciences, sports and adventure, study guides and test prep, travel, true crime, weddings and women's studies" in International Class 09:

# NOOK BOOKS

50.     The USPTO issued U.S. Trademark Registration No. 4347589 to Plaintiff for NOOK BOOKS® on June 4, 2013, and Plaintiff has been continuously using NOOK BOOKS® in commerce since at least as early as October 31, 2009 in the United States, including Florida and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15 of the Trademark Act, 15 U.S.C. § 1065; and Section 33(b) of the Trademark Act, 15 U.S.C. § 1115(b) (*See* Ex. O for a certified copy of U.S. Trademark Registration No. 4347589).

51.     Plaintiff owns U.S. Trademark Registration No. 4305645, for the mark NOOK STORE®, as shown below, filed with the USPTO on October 25, 2010, for "retail and online retail store services featuring electronic books, magazines, magazine articles, newspaper articles, electronic story books, newspapers, discount, rebate and special offer coupons and vouchers, and coupons and vouchers all on books, magazines, newspapers, mobile computer, tablet and electronic reader apparatus and applications, music, videos and electronic publications, namely, electronic books, magazines and newspapers, and featuring downloadable digital web site content in the nature of downloadable books, electronic books, magazines, articles, stories, newspapers, text books, images, mobile computer, tablet and electronic reader applications,

music and movies through wired and wireless Internet access; retail and online retail store

services featuring portable electronic book readers and accessories for portable electronic book

readers, namely, carrying cases, leather carrying cases, silicone, fabric and plastic sleeves and

skins for electronic book readers, rechargeable batteries, book lights, protective film covers and

combination book light and cover; customer support services, namely, providing assistance with

activation and use of electronic book readers, downloading of electronic publications and online

customer accounts," in International Class 35:

# NOOK STORE

52.     The USPTO issued U.S. Trademark Registration No. 4305645 to Plaintiff for

NOOK STORE® on March 19, 2013, and Plaintiff has been continuously using NOOK STORE®

in commerce since at least as early as October 31, 2010 in the United States, including Florida

and such use has not been abandoned.  Said Federal Registration is valid, subsisting, and

incontestable in accordance with Section 8 of the Trademark Act, 15 U.S.C. § 1058; Section 15

of the Trademark Act, 15 U.S.C. § 1065; and Section 33(b) of the Trademark Act, 15 U.S.C. §

1115(b).  (*See* Ex. P for a certified copy of U.S. Trademark Registration No. 4305645).

53.     In addition to the aforesaid USPTO registered trademarks, Plaintiff owns several

additional USPTO trademark registrations for which the dominant portion is the designation

"nook®," including NOOK DAILY FIND®, U.S. Registration No. 4690695 and NOOK

NEWSSTAND®, U.S. Trademark Registration No. 4429361.  (*See* Exs. Q and R for certified

copies of U.S. Trademark Registration Nos. 4690695 and 4429361 respectively).

54.     Plaintiff owns common law trademark rights in numerous trademarks where the

dominant portion of the mark is nook®, including, but not limited to NOOK RECOMMENDS,

NOOK SPOTLIGHT, NOOK BOOK BUNDLES, and NOOK TOP 100.  Plaintiff has used and continues to use these common-law trademarks in commerce in connection with the sale of nook® and n® Goods/Services throughout the United States, including Florida.

55.     Plaintiff owns numerous domain names incorporating nook®, including, but not limited to <www.nook.com>, <www.nookbooks.com>, and an extensive number of domain name variations incorporating nook®, including domain names that are typographical mistakes of NOOK, and NOOK with top-level domain extensions, such as .book, and foreign country codes, which hyperlink to the main www.nook.com,<www.bn.com> and <www.barnesandnoble.com> web sites.

56.     Plaintiff actively promotes the nook® and n® Marks on or in connection with the nook® and n® Goods/Services through extensive use of Search Engine Optimization ("SEO") in order to appear on the first page of organic search engine results for the word "nook."  Plaintiff's first page rankings for organic search engine searches of the word "nook" encourage potential Internet customers to visit the <www.nook.com> website and take advantage of, learn about, and receive support regarding Plaintiff's nook® and n® products, services, firmware and software updates, new electronic book releases, nook® and n® instructional manuals, new nook® and n® products, discounts, articles, blogs, and general nook® and n® information.

57.     Plaintiff actively promotes the nook® and n® Marks on or in connection with the nook® and n® Goods/Services through social networking sites, including, but not limited to, Facebook, Twitter, and Instagram.

58.     Plaintiff prominently displays and features the Family of nook® and n® Marks on Plaintiff's products, accessories, product packaging, and in-store displays; on the Apple OSX software store; on the Apple IOS App Stores for downloading nook® and n® apps for use with

– 35 –

mobile devices, tablets, and smartphones; on Google Play for downloading nook® and n® apps for use with mobile devices, tablets, and smartphones; and on web pages, advertisements, and marketing materials distributed throughout the United States, including Florida.

59.     Plaintiff distributes downloadable Apple IOS and Google Android mobile apps for use with smartphones, mobile phones, tablet computers, desktop computers, and other handheld mobile devices, all of which prominently display and feature the Family of nook® and n® Marks.

60.     Plaintiff, in partnership with Samsung, incorporates Plaintiff's nook® and n® Android apps into Samsung Galaxy Tablets, Galaxy Notes, and Galaxy Smartphones, which are sold, distributed, marketed, and purchased throughout the United States, including Florida.

61.     Plaintiff, as part of its marketing, attends industry trade shows to promote its nook® and n® Marks on or in connection with the nook® and n® Goods/Services, including new iterations of the nook® and n® e-reader and nook® and n® downloadable mobile apps, throughout the United States, including Florida.

### C. Plaintiff's Family of nook® and n® Marks Are Strong and Have Acquired Distinctiveness

62.     Plaintiff's Family of nook® and n® Marks are strong and fanciful marks entitled to a broad scope of protection for portable and handheld consumer electronic products.

63.     Plaintiff's Family of nook® and n® Marks incorporate an inherently distinctive and unique stylized lowercase letter "n."

64.     The USPTO has granted incontestable status to certain of Plaintiff's Family of nook® and n® Marks.

65.     Plaintiff has sold and continues to sell its electronic book readers, electronic books, and related computer goods, services, and accessories under Plaintiff's Family of nook® and n® Marks throughout the United States, including Florida since at least October 29, 2009.

66.     Plaintiff has, and continues to commercially promote, sell, market, and distribute a wide variety of nook® and n® Goods/Services in commerce under the nook® and n® Marks throughout the United States, including Florida with skill and care to protect the valuable goodwill in the nook® and n® Marks.

67.     Plaintiff has expended considerable efforts and sums in advertising and promoting Plaintiff's Family of nook® and n® Marks in connection with Plaintiff's electronic book readers, electronic books, and related computer goods, services, and accessories.  As a result of these sales, efforts, and monetary expenditures, Plaintiff's Family of nook® and n® Marks have developed exceedingly valuable goodwill throughout the United States, including Florida.

68.     Plaintiff's Family of nook® and n® Marks are highly distinctive trademarks which, through its substantial consumer recognition and its extensive and exclusive use by Plaintiff in the United States, including Florida, are exceptionally well known and famous both within Plaintiff's particular market segment and among the general consuming public throughout the United States, including Florida.

69.     Plaintiff has expended considerable efforts and expense in promoting its Family of nook® and n® Marks and the goods and services sold on or in connection with such marks, such that the purchasing public has come to know, rely upon, and recognize the high quality of Plaintiff's goods and services sold under Plaintiff's Family of nook® and n® Marks.  Based upon such extensive and continuous use since October 29, 2009, Plaintiff's Family of nook® and n®

Marks have acquired an exceedingly valuable goodwill, including unsolicited media coverage and substantial consumer recognition and fame.

70.    Plaintiff's goods and services sold or distributed under its Family of nook® and n® Marks have received many awards of excellence demonstrating high-quality and recognition in the portable consumer product trade and by the general public.

71.    By reason of Plaintiff's extensive advertising, promotion, distribution, sale, and quality control of nook® and n® Goods/Services under the nook® and n® Marks in the United States, including Florida, Plaintiff's nook® and n® Marks have acquired and enjoy fame, distinctiveness, and substantial secondary meaning signifying the goodwill associated with and symbolized by the nook® and n® Marks and nook® and n® Goods/Services.

72.    Based upon Plaintiff's U.S. Trademark Registration No. 3901723 for n®, Plaintiff's constructive priority date of first use in commerce of the n® Mark is at least as early as October 15, 2009.

73.    Based upon Plaintiff's U.S. Trademark Registration No. 4023198 for nook®, Plaintiff's constructive priority date of first use in commerce of the nook® Mark is at least as early as June 4, 2009.

**D. Defendants' Unlawful Conduct with Respect to the Family of nook® and n® Marks**

74.    Defendants sell, produce, use, and market products and services bearing the confusingly similar nuu Mark, as shown below, in the United States, including Florida, that are highly similar and related to products and services Plaintiff sells under and bearing the Family of nook® and n® Marks:



75.     Defendants' and Plaintiff's products and services under each party's respective marks are marketed, sold, and distributed to identical consumers, for use on identical products, for identical uses, and sold, distributed, and marketed through identical channels of trade.

76.     Defendants' nuu branded mobile unlocked smartphones and tablets use, incorporate, and feature the Android smartphone and tablet computer mobile device operating systems.

77.     Plaintiff's nook® and n® downloadable smartphone and tablet computer mobile apps are also available, downloaded, and upon information and belief, are currently used with Defendants' nuu branded mobile unlocked smartphones mobile devices, tablets, and smartphones which use the Google's Android operating system.

78.     Defendants' nuu Mark and products bearing the nuu Mark as used in commerce incorporate the identical font and stylized letter "n" to Plaintiff's nook® and n® Marks and is confusingly similar in appearance and/or overall commercial impression to Plaintiff's Family of nook® and n® Marks.

79.     The dominant portion of Defendants' nuu Mark is the identical font and stylized letter "n" to Plaintiff's nook® and n® Marks.  Defendants' current use in commerce of the nuu Mark on Defendants' products consistently, intentionally, and willfully emphasizes the identical font and stylized letter "n" in larger lettering compared to the smaller upside-down letter "n" forming the letter "u," as well as deletes the generic word "mobile."

80.     A side-by-side comparison of products marked with Plaintiff's Family of nook® and n® Marks and Defendants' nuu Mark, as shown below, clearly and unmistakably shows the substantial similarity between the marks and their use in commerce:

PLAINTIFF'S nook® and n® TABLET          DEFENDANTS' nuu TABLET



81.     Defendants' use, distribution, and sale of products and services bearing the nuu Mark and Defendants' advertising and promotional materials distributed in connection therewith in the United States, including Florida, create the false and deceptive commercial impression that Plaintiff sponsors, is affiliated with, and/or in some manner endorses Defendants' nuu products and services.

82.     Due to the substantial similarity of Defendants' nuu Mark to Plaintiff's Family of nook® and n® Marks, the use of the nuu Mark has already caused actual confusion, and is likely to continue to cause confusion, initial interest confusion, mistake, and/or deception of purchasers as to the source, sponsorship, and affiliation of Defendants' nuu products and services.

83.     Defendants' nuu Mark intentionally and willfully freerides on and utilizes the substantial fame and goodwill established by Plaintiff in its Family of nook® and n® Marks.

– 40 –

84.     Due to the substantial similarity of Defendants' nuu Mark to Plaintiff's Family of nook® and n® Marks, consumers are likely to believe that Plaintiff sponsors, approves of, associates with, and/or is affiliated with Defendants, thereby resulting in lost potential sales to Plaintiff, damaging Plaintiff's Family of nook® and n® Marks, and the goodwill associated with Plaintiff's Family of nook® and n® Marks.

85.     Upon information and belief, Defendants were, and remain, fully aware of Plaintiff's long and extensive prior use of the Family of nook® and n® Marks in the United States including Florida.

86.     Upon information and belief and according to the USPTO's TSDR Status Records, Defendants claim March 23, 2014 as their first use of the nuu Mark in the United States and February 2015 as their date of first use in commerce of the nuu Mark.

87.     There is no issue as to priority of use in the United States, including Florida, of the party's respective marks.  Plaintiff's priority filing date and dates of first use and first use in commerce of Plaintiff's Family of nook® and n® Marks are both substantially prior to Defendants filing date and claimed dates of first use and first use in commerce.

**E.  Defendants' Trademark Registration**

88.     Defendant Nuu Limited is the listed Applicant, Registrant, and owner of U.S. Trademark Registration No. 4917943 for the mark "nuu mobile," as depicted below, for "cases for mobile phones; cell phone battery chargers; cell phone battery chargers for use in vehicles; cell phone cases; cell phone covers; cell phones; devices for hands-free use of mobile phones; fitted plastic films known as skins for covering and protecting electronic apparatus, namely, mobile phones; headsets for cellular or mobile phones; headsets for mobile telephones; mobile

phone straps; mobile phone," in International Class 09.  (*See* Ex. S for a certified copy of U.S.

Trademark Registration No. 4917943) (hereinafter the "nuu Mark"):



89.     Upon information and belief, Defendant NUU Limited adopted and commenced

use in commerce of the above-depicted nuu mobile Mark consisting of a stylized lowercase letter

"n" and two upside down stylized lowercase letter "n" forming the letter "u" with the generic

term "mobile" in connection with portable handheld consumer electronics and accessories,

including, but not limited to mobile phones, mobile phone cases, and battery chargers in the

United States, including Florida, at least as early as February 28, 2015 ("nuu Goods/Services").

90.     Upon information and belief, Defendant Nuu Limited intentionally listed "mobile

phones" as the last listed good in Defendant NUU Limited's USPTO Trademark Application for

the nuu Mark.

91.     Upon information and belief and according to the records of the USPTO,

Defendant NUU Limited, filed a use-based trademark application for the nuu Mark with the

USPTO on April 20, 2015.  The USPTO published the nuu Mark for opposition on December

29, 2015 and issued U.S. Trademark Registration No. 4917943 on March 15, 2016.

92.     Upon information and belief and according to NUU Mobile's own website

(*available at*: www.us.nuumobile.com), "Nuu Mobile is owned by Noetic, Inc. , Nuu Mobile

designs, engineers, and manufactures high quality unlocked Android™ smartphones.  The

company purportedly provides an alternative option to rigid, long-term contracts for mobile

consumers by offering smartphones with the latest technology, increased flexibility and
exceptional quality at more accessible prices.  The brand launched in Hong Kong in 2012 and
expanded to the United States in 2014, with offices in Rochester and Mendota Heights, MN, and
is currently expanding its distribution in North and South America."

93.     Upon information and belief and according to the www.us.nuumobile.com
website, Defendants import, distribute, sell, market, and promote nuu Goods/Services under the
nuu Mark throughout the United States, including Florida, including via the
www.us.nuumobile.com online store and via retail and online retail stores, including but not
limited to Best Buy, Walmart, Amazon.com, and eBay throughout the United States, including
Florida.

94.     Upon information and belief, www.us.nuumobile.com, and Noetic's ownership of
Nuu Mobile and use of the nuu Mark in the United States, including Florida, Noetic, Inc.  is the
actual and true owner of the nuu Mark and U.S. Trademark Registration No. 4917943.

95.     According to USPTO Trademark Manual of Examining Procedure ("TMEP")
Section 1201.02(b) and 37 C.F.R. § 2.71(d), "an application based on use in commerce under 15
U.S.C. § 1051(a) must be filed by the party who owns the mark on the application filing date. If
the applicant does not own the mark on the application filing date, the application is *void*."
(emphasis added).

96.     Upon information and belief and according to the www.us.nuumobile.com
website, U.S. Trademark Registration No. 4917943 is *void ab initio* due to NUU Limited filing
U.S. Trademark Registration No. 4917943 in the wrong owner's name, namely, filing in the
name of NUU Limited and not Noetic, the party who uses and owns the nuu Mark in the United
States, including Florida.

**F.  Plaintiff's Efforts to Resolve the Dispute**

97.     Plaintiff first became aware of Defendants' use of the nuu Mark in or about October 2016.

98.     Plaintiff served on Defendants a "cease and desist" letter on October 24, 2016 notifying Defendants that: (i) Plaintiff has prior rights in the nook® and n® Marks; (ii) Plaintiff owns multiple USPTO registrations for nook® and n® trademarks; (iii) Defendants' nuu Mark creates a likelihood of confusion with and dilutes Plaintiff's nook® and n® Marks; and (iv) Plaintiff did not seek to limit Respondent's use of the word mark "NUU MOBILE" in all capital letters, but objected to the identical stylized "n" to Plaintiff's nook® and n® Marks.  (*See* Ex. T for a copy of Plaintiff's cease and desist letter.).

99.     In its cease and desist letter, Plaintiff also suggested that Defendants migrate to an alternative stylized lettering that does not incorporate Plaintiff's unique, distinctive, well-known, stylized lowercase letter "n" as a potential reasonable basis for avoiding conflict and amicably settling the matter without recourse to Trademark Trial and Appeal Board ("TTAB") proceedings; otherwise, if Defendants fail to respond and agree to migrate to an alternative stylized nuu Mark, then Plaintiff would proceed to file a Petition to Cancel with the TTAB against U.S. Trademark Registration No. 4917943, pursuant to Section 14 of the Trademark Act of 1946 (15 U.S.C. § 1064).  *See id.* [Ex. U].

**G.  Prior Proceedings at the TTAB**

100.    After Defendants failed to provide a satisfactory response to Plaintiff's counsel numerous e-mail correspondences with Defendants' listed USPTO trademark counsel (Wan Chi Chiu), Plaintiff filed with the TTAB a Petition to Cancel U.S. Trademark Registration No. 4917943 on January 23, 2017, Cancellation No. 92065840.  (*See* Ex. U for Petition to Cancel).

101.    The TTAB served Cancellation No. 92065840 on Defendants on April 11, 2017.

102.    The TTAB issued a Notice of Default against U.S. Trademark Registration No. 4917943 due to Defendants' failure to file an Answer to Cancellation No. 92065840 by the May 23, 2017 deadline.

103.    The TTAB issued a Default Judgment against U.S. Trademark Registration No. 4917943 on July 12, 2017 and the Commissioner of Trademarks cancelled U.S. Trademark Registration No. 4917943 on July 17, 2017.

104.    On September 21, 2017, Defendants filed a Motion for Relief From Default Judgment filed pursuant to T.B.M.P § 544 and Fed. R. Civ. P. 60(b), seeking relief from the Default Judgment granted by the TTAB on July 12, 2017 and the Commissioner of Trademarks cancellation of U.S. Trademark Registration No. 4917943 entered on July 17, 2017 ("Motion for Relief"), claiming that they only learned of the cancellation of U.S. Trademark Registration No. 4917943 through an unnamed third-party located in the United States, on July 12, 2017.

105.    Defendants, despite their own admission of actual knowledge of the TTAB cancellation proceeding on July 12, 2017, failed to immediately contact either the TTAB or Plaintiff.

106.    After briefing, the TTAB granted Defendants' Motion for Relief on January 16, 2018, revived U.S. Trademark Registration No. 4917943, and issued a Trial Schedule for Cancellation No. 92065840.

107.    Cancellation No. 92065840 is currently proceeding at the TTAB, and the parties have attended the Initial Discovery and Settlement Conference, exchanged Initial Disclosures, served initial discovery requests, and prepared and/or served discovery responses.

108.    Upon information and belief, Defendants continue to willfully use, distribute, and sell products and services bearing the nuu Mark, and distribute advertising and promotional

materials distributed in connection therewith including after receipt of Plaintiff's cease and desist letter dated October 24, 2016, correspondence with Plaintiff's counsel prior to filing the Petition to Cancel, and Defendants' knowledge of the initial cancellation of U.S. Registration No. 4917943.

109.     Upon information and belief, Defendants continue to willfully use, distribute, and sell products and services bearing the nuu Mark and distribute advertising and promotional materials distributed in connection therewith after Plaintiff filed Petition to Cancel against U.S. Registration No. 4917943, Cancellation No. 92065840.

110.     Plaintiff seeks this Court's intervention to prevent Defendants from continuing to free-ride and damage Plaintiff by continuing to (a) create a likelihood and actual confusion as to source, sponsorship, and affiliation with Plaintiff's Family of nook® and n® Marks; and (b) dilute Plaintiff's Family of nook® and n® Marks.

111.     Plaintiff intends to file a motion with the TTAB requesting the TTAB Suspend the TTAB Cancellation Proceedings pending the resolution of this infringement action, as the result of this proceeding will moot the TTAB proceeding.

## COUNT I

<u>As to All Defendants: Infringement of a Registered Trademark in Violation of</u>
<u>15 U.S.C. § 1114(1)(a)</u>

112.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 111 of this Complaint.

113.     Plaintiff owns numerous U.S. Trademark Registrations for Plaintiff's Family of nook® and n® Marks for nook® and n® Goods/Services.

114.     Defendants own U.S. Registration No. 4917943 for the mark nuu mobile for "cases for mobile phones; cell phone battery chargers; cell phone battery chargers for use in

vehicles; cell phone cases; cell phone covers; cell phones; devices for hands-free use of mobile phones; fitted plastic films known as skins for covering and protecting electronic apparatus, namely, mobile phones; headsets for cellular or mobile phones; headsets for mobile telephones; mobile phone straps; mobile phones," in International Class 09.

115.    Defendants' prominent use of its nuu Mark, which is identical or nearly identical to Plaintiff's Family of nook® and n® Marks, is likely to cause and has already caused actual confusion, mistake, and deception of purchasers as to the source of origin of Defendants' nuu Goods/Services.

116.    Defendants' use of their nuu Mark infringes Plaintiff's Family of nook® and n® Marks.

117.    Upon information and belief, the infringement by Defendants has been willful and deliberate, designed specifically to trade upon the goodwill of Plaintiff's Family of nook® and n® Marks, all associated with Plaintiff's reputation.

118.    The goodwill of Plaintiff's business under Plaintiff's Family of nook® and n® Marks is of significant value.

119.    Plaintiff has and will continue to suffer irreparable harm and injury should infringement be allowed to continue to the detriment of Plaintiff's trade reputation and goodwill.

120.    Defendants' infringement will continue to cause Plaintiff irreparable harm unless enjoined by this Court.

**COUNT II**

<u>As to All Defendants: False Designation of Origin in Violation of
15 U.S.C. § 1125(a)</u>

121.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 111 of this Complaint.

122. In addition to Plaintiff's USPTO trademark registrations for Plaintiff's Family of nook® and n® Marks as listed in this Complaint, Plaintiff owns and uses in commerce numerous common-law trademarks incorporating the nook® and n® Marks, with or without additional terms and/or designs, and continues to adopt and use new nook® and n® Marks in various forms, iterations, styles, and designs in connection with a broad range of consumer electronic and related goods and services, which marks have not, as yet, been registered with the USPTO ("Plaintiff's Unregistered Marks").

123. Defendants' prominent use of the nuu Mark in connection with Defendants' nuu Goods/Services constitutes a false designation of origin, and/or false and/or misleading representation of fact which is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendants with Plaintiff's Family of nook® and n® Marks and/or Plaintiff's Unregistered Marks; and/or (b) likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' commercial activities, products, and/or services by Plaintiff, and as a consequence, are likely to divert customers away from and damage Plaintiff.

124. Plaintiff has no control over the nature and quality of Defendants' nuu Goods/Services.  Any failure, neglect, and/or default by Defendants in providing such nuu Goods/Services will: (a) reflect adversely on Plaintiff as the believed source of origin thereof; (b) hamper efforts by Plaintiff to continue to maintain and protect its outstanding reputation for high quality nook® and n® Goods/Services; cause Plaintiff to expend time, effort, and resources in remedial advertising and marketing to correct the resulting consumer confusion which ultimately caused lost sales and damage to Plaintiff's goodwill, all to the irreparable harm to Plaintiff.

125.    Defendants' use of the nuu Mark has caused and is likely to cause confusion and false designation of origin in the trade and among the public.  This confusion constitutes irreparable harm and injury to Plaintiff, which will continue unless Defendants are enjoined by this Court.

**COUNT III**

As to All Defendants: Dilution in Violation of
15 U.S.C. § 1125(c)

126.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 111 of this Complaint.

127.    Plaintiff's Family of nook® and n® Marks are comprised of highly distinctive and unmistakable trademarks which, through extensive use, promotion, and sales by Plaintiff in the United States, including Florida, has created substantial consumer recognition and are exceptionally well known and famous both within Plaintiff's particular market segments and among the general consuming public throughout the United States, including Florida.

128.    Plaintiff's Family of nook® and n® Marks incorporate an immediately inherently distinctive and unique stylized lowercase letter "n" and have reached incontestable trademark status.

129.    Defendants make commercial use of Defendants nuu Mark in interstate commerce by selling across state lines and through interstate channels of delivery.

130.    Upon information and belief and Defendants' own promotional materials, Defendants' use of the nuu Mark, possibly as late as 2015, began substantially after Plaintiff's nook® and n® Marks became famous, starting as early as 2009.

131.    As Plaintiff wrote in its cease and desist letter to Defendants on October 24, 2016, Defendants' nuu Mark creates a likelihood of confusion with and dilutes Plaintiff's nook® and n®

Marks by creating and continuing to create confusion as to source, sponsorship, and affiliation with Plaintiff's Family of nook® and n® Marks.

## DEMAND

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)   That a permanent injunction issue restraining Defendants and their agents, servants, employees, successors and assigns and all others in concert and privity with any of them from: (i) infringing Plaintiff's Family of nook® and n® Marks; (ii) injuring Plaintiff's business reputation; (iii) unfairly competing with Plaintiff, and (iv) engaging in unfair and deceptive trade practices;

(b)   That a permanent injunction issue, restraining Defendants from adopting, using or registering any name, mark or domain name similar to Plaintiff's Family of nook® and n® Marks;

(c)   That Defendants' U.S. Trademark Registration No. 4917943 is void and surrendered to the USPTO for cancellation;

(d)   That Defendants be ordered to surrender for destruction all products, web pages, labels, advertisements, promotional material and other materials constituting infringement of Plaintiff's designation of origin and infringement of the Family of nook® and n® Marks;

(e)   An award to Plaintiff of damages and an accounting of Defendant's profits, including all statutory enhancements and other enhancements as provided by 15 U.S.C. § 1117;

(f)   An award of Plaintiff's costs and expenses, including, without limitation, reasonable attorney's fees as provided by 15 U.S.C. § 1117; and

(g)   All other relief, in law or in equity, to which Plaintiff may be entitled, or which the Court deems just and proper.

Dated:        August 2, 2019                    Respectfully submitted,

                                               By: /s/ Elizabeth B. Honkonen
                                               Elizabeth B. Honkonen (FL Bar # 0149403)
                                               Email: ebh@knpa.com
                                               KENNY NACHWALTER, P.A.
                                               Four Seasons Tower
                                               1441 Brickell Avenue
                                               Suite 1100
                                               Miami, FL 33131
                                               Telephone: (305) 373-1000
                                               Facsimile: (305) 372-1861

                                               *Attorneys for Plaintiff*
                                               *Nook Digital, LLC*

*Of Counsel*

Guy Yonay (NY Bar # GY-3028)
Email: GYonay@PearlCohen.com
Sarah Benowich (NY Bar # SB-1991)
Email: SBenowich@PearlCohen.com
PEARL COHEN ZEDEK
LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Telephone: (646) 878-0800
Facsimile: (646) 878-0801